IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00581–WYD–KMT


WYATT T. HANDY JR.,

      Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRRARD, individually,
MRS. GRETCHEN, individual & official capacity,
WOOD, individual & official capacity,
MRS. MOLLENDOR, individually,
DEP. LITWILER, individually,
NANCY, individual & official capacity,
DEP. MORRISON, individual,
DEP. KRAUS, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual, and
SGT. CLARK, individual & official capacity,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion to Amend Complaint" (Doc. No. 34

[Mot.], filed 5/5/2011) and Defendants' Response (Doc. No. 67 [Resp.], filed 6/27/2011).

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend

the pleadings) when justice so requires." *See also Aspen Orthopaedics & Sports Medicine, LLC*

*v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003); *York v. Cherry Creek Sch. Dist.*

*No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir. 1983).

Plaintiff seeks to amend his complaint to add multiple defendants, add "claims of 1983

conspiracy and state tort conspiracy," and increase his punitive damages request.  (Mot. at 1-2.)

Defendants do not oppose Plaintiff's motion.  (Resp. at ¶ 4.)  The court recently held a

preliminary scheduling conference and set the deadline to amend the pleadings at August 17,

2011.  Plaintiff's Motion is therefore timely.  The case is still in the very early stages of

litigation.  Moreover, upon review of the Motion and the proposed Amended Complaint, the

court finds no evidence of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

2

Plaintiff's "Motion to Amend Complaint" (Doc. No. 34) is GRANTED and the Clerk is

directed to file Plaintiffs' Amended Prisoner Complaint (Doc. No. 34-1).  The court will issue a

separate order granting service by the United States Marshal Service.

Dated this 1st day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge