IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00581–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRRARD, individually,
MRS. GRETCHEN, individually,
WOOD, individually,
MRS. MOLLENDOR, individually,
DEP. LITWILER, individually,
NANCY, individual & official capacity,
DEP. MORRISON, individual,
DEP. KRAUS, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual, and
DEP. HAMM, individual,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Motion for Entry of Protective Order by All Defendants Except Dep. Morrison" [Doc. No. 90]. Defendants seek relief from three hundred thirty-four interrogatories propounded to the individual defendants by Plaintiff.

This court's discovery order states, "Each **side** shall be limited to twenty-five (25) Interrogatories, including subparts. . . .Each **side** shall be limited to twenty-five (25) Requests for Production of Documents. . . . Each **side** shall be limited to twenty-five (25) Requests for Admissions." On one **side** of the case is the plaintiff, Wyatt Handy. On the other **side** of the case are the fifteen defendants named by Plaintiff who have been served. The court's order anticipated a maximum of fifty interrogatories, requests for production of documents and requests for admission being exchanged between and among both sides to the controversy

Wherefore, it is ORDERED

Defendants' "Motion for Entry of Protective Order by All Defendants Except Dep. Morrison" [Doc. No. 90] is GRANTED in part. Plaintiff's initial discovery composed of approximately 24 interrogatories per each defendant is STRICKEN and Defendants shall not be required to respond.

It is further ORDERED

Plaintiff may serve interrogatories again, however they must be re-drafted to comply with the court's numerical limitations pertaining to his **side**. In light of the court's review of the now

stricken voluminous interrogatories originally propounded by Plaintiff, the court has determined that the Plaintiff is capable of formulating cogent and relevant interrogatories. Therefore, the Scheduling Order in this matter is amended to allow the Plaintiff to serve **a total of fifty interrogatories**, to be divided among the defendants – or not – in whatever manner Plaintiff sees fit. No other discovery limitation will be changed or affected by this Order.

Dated this 8th day of August, 2011.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge