IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11–cv–00581–WYD–KMT


WYATT T. HANDY JR.,

      Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRRARD, individually,
MRS. GRETCHEN, individually,
WOOD, individually,
MRS. MOLLENDOR, individually,
DEP. LITWILER, individually,
NANCY, individual & official capacity,
DEP. MORRISON, individual,
DEP. KRAUS, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual, and
DEP. HAMM, individual,


      Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's "Motion for Court to Order Jail Officials to Allow the Plaintiff to Have His Legal Materials or in the Alternative Appoint Counsel to Represent Him at the Defendants [sic] Expense." (Doc. No. 37, filed May 16, 2011 [Mot.].) Defendants filed their response in opposition to Plaintiff's Motion on June 27, 2011.[1] (Doc. No. 68 [Resp.].)  Plaintiff filed his reply on July 13, 2011.  (Doc. No. 81 [Reply].)

The court liberally construes Plaintiff's Motion, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*pro se* pleadings should be held to a less stringent standard than formal pleadings drafted by lawyers), and finds that Plaintiff seeks a preliminary injunction "directing the defendants to return the plaintiff's legal documents, and to refrain from confiscating and tampering with the plaintiff's legal documents."  (Mot. at 2.)  In the alternative, Plaintiff seeks an appointment of counsel at Defendants' expense.  (*Id.*)

On September 12, 2011, a motions hearing was held before this court in another case filed by Plaintiff, Case Number 10-cv-02022-WYD-KMT.  At that hearing, Plaintiff acknowledged to the court that he has been released from custody.  As such, the court must consider whether Plaintiff's Motion is moot in light of his release.

---

[1] All Defendants, with the exception of Defendant Morrison, joined in this response.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 501 (10th Cir. 2000) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot- *i.e.*, where the controversy is no longer live and ongoing . . . . [A] 'plaintiff cannot maintain a[n] . . . injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.'" *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superceded by statute on other grounds as stated in Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)).

In this case, the court finds that Plaintiff's request for a preliminary injunction is now moot, and thus nonjusticable. *Abu-Nantambu-El v. Lovingier,* 06-cv-00945-WDM-CBS, 2007 WL 684132, at *2 (D. Colo. Jan. 17, 2007) (finding moot a plaintiff's request for preliminary injunction ordering the return of legal documents and materials and to allow the plaintiff to use the facility law library when the plaintiff was released from custody). *See also Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir. 1997) (finding a plaintiff's request for prospective injunctive relief moot because he 'is no longer a prisoner within the control of the ODC, [and] the entry of a declaratory judgment in [plaintiff's] favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior toward

him"). Therefore, the court finds that Plaintiff's Motion is properly denied to the extent that it requests a preliminary injunction.

Plaintiff also argues that if "defendants is [sic] continued to be allowed to confiscate the plaintiff's legal documents and deny him access to evidence and discovery in his case . . . the court should exercise its jurisdiction and order the defendants to . . . pay for an attorney to represent the plaintiff." (Reply at 12.) However, Plaintiff has failed to cite any authority to support his request for court-appointed counsel *at Defendants' expense.* While a court has discretion to request volunteer counsel for a civil litigant proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this court has already denied such relief to Plaintiff. (*See* Doc. No. 26, filed Apr. 22, 2011.) Having reviewed Plaintiff's renewed request for the appointment of counsel, the court finds that Plaintiff's request should be denied for substantially the same reasons stated in Document Number 26.

Therefore, it is

RECOMMENDED that Plaintiff's "Motion for Court to Order Jail Officials to Allow the Plaintiff to Have His Legal Materials or in the Alternative Appoint Counsel to Represent Him at the Defendants [sic] Expense" (Doc. No. 37) be DENIED as moot to the extent that Plaintiff seeks a preliminary injunction.

It is further

ORDERED that Plaintiff's "Motion for Court to Order Jail Officials to Allow the Plaintiff to Have His Legal Materials or in the Alternative Appoint Counsel to Represent Him at

the Defendants [sic] Expense" (Doc. No. 37) is DENIED to the extent that Plaintiff seeks an

appointment of counsel at Defendants' expense.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

5

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

     Dated this 12th day of September, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge