IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00581–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRRARD, individually,
MRS. GRETCHEN, individually,
WOOD, individually,
MRS. MOLLENDOR, individually,
DEP. LITWILER, individually,
NANCY, individual & official capacity,
DEP. MORRISON, individual,
DEP. KRAUS, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual, and
DEP. HAMM, individual,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion for Reconsideration of Order Granting in Part the Defendants [sic] Motion for Entry of Protective Order by All Defendants Except Dep. Morrison and for Modification of the Scheduling Order." (Doc. No. 110, filed Sept. 23, 2011.) Plaintiff seeks reconsideration of the court's Order (Doc. No. 94, entered Aug. 8, 2011) granting in part Defendants' "Motion for Entry of Protective Order by all Defendants Except Dep. Morrison" (Doc. No. 90, filed Aug. 8, 2011).

The Federal Rules of Civil Procedure do not recognize a motion to reconsider or rescind a previous court order. A litigant subject to an adverse judgment, and who seeks reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 59(e) applies when the motion for relief is filed within twenty-eight days of the order or judgment; Rule 60(b) governs all other motions.

The court's Order granting in part Defendants' Motion for Entry of Protective Order was entered on August 8, 2011. (Doc. No. 94 [hereinafter "Order"].) The period to file a motion under Rule 59(e) therefore expired on September 5, 2011. Because Plaintiff's present Motion was not filed until September 23, 2011, the court construes Plaintiff's Motion to be a motion filed under Rule 60.

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Ackermann v. United States*, 340 U .S. 193, 199 (1950); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion is not a substitute for an appeal. *Bud Brooks*, 909 F.2d at 1440. Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff does not argue that he has newly discovered evidence justifying the relief he seeks. Instead, Plaintiff maintains that the court's Order should be modified because Fed. R. Civ. P. 33(a)'s "unambiguous" language permits him to serve "each defendant" with 25 interrogatories. The court first finds that there has been no intervening change to Rule 33(a) that would justify the relief Plaintiff seeks. Moreover, in any event, Plaintiff fails to note that the actual unambiguous language of Rule 33(a) states: "Unless otherwise stipulated *or ordered by the court*, a party may serve on any other party no more than 25 interrogatories . . . ." Fed. R. Civ. P. 33(a) (emphasis added). Here, the fact that the court *otherwise ordered* that the Scheduling Order in this matter be "amended to allow Plaintiff to serve **a total of fifty interrogatories**, to be divided among the defendants – or not – in whatever manner Plaintiff sees

fit" (Order at 2-3) moots Plaintiff's argument that Rule 33(a) might ordinarily permit him to serve 25 interrogatories on each Defendant.

As such, it is

ORDERED that Plaintiff's "Motion for Reconsideration of Order Granting in Part the Defendants [sic] Motion for Entry of Protective Order by All Defendants Except Dep. Morrison and for Modification of the Scheduling Order" (Doc. No. 110) is DENIED.

Dated this 27th day of September, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge