IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00581–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRRARD, individually,
MRS. GRETCHEN, individually,
WOOD, individually,
MRS. MOLLENDOR, individually,
DEP. LITWILER, individually,
NANCY, individual & official capacity,
DEP. KRAUS, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual, and
DEP. HAMM, individual,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. No. 102, filed Aug. 15, 2011 [Mot.].) Defendants filed their response on August 26, 2011. (Doc. No. 105, filed Aug. 26, 2011 [Resp.].) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Plaintiff had until September 12, 2011 to file a reply. Plaintiff did not file a reply by, or at anytime after, that date. Accordingly, this matter is ripe for the court's review and ruling.

In his Motion, Plaintiff seeks to add Arapahoe County, the Arapahoe County Sheriff's Department, and "numerous individual defendants who are involved in the violations" as defendants. (Mot. at 1.) Plaintiff also seeks to add an additional ten claims for relief. (*Id.* at 2; *see also* Doc. No. 102-1 [Am. Compl.].) Finally, Plaintiff seeks to add an exemplary damages claim for his state law claims. (Mot. at 2.)

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

>   deficiencies by amendments previously allowed, undue prejudice to the opposing
>   party by virtue of allowance of the amendment, futility of amendment, etc.-the
>   leave sought should, as the rules require, be "freely given." Of course, the grant
>   or denial of an opportunity to amend is within the discretion of the District Court,
>   but outright refusal to grant the leave without any justifying reason appearing for
>   the denial is not an exercise of discretion; it is merely abuse of that discretion and
>   inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957).

On June 30, 3011, the court held a Preliminary Scheduling Conference and set the deadline for amending the pleadings for August 17, 2011. Plaintiff's Motion was filed on August 15, 2011. Accordingly, the court finds that Plaintiff's Motion is timely.

Notwithstanding the timeliness of Plaintiff's Complaint, the court notes that Plaintiff's proposed Amended Complaint features former defendant Morrison as a named defendant. (*See* Am. Compl. at 2.) Mr. Morrison was dismissed as a defendant on December 21, 2011 pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 116.) Although Plaintiff's Motion was filed prior to December 21, 2011, Plaintiff's inability to serve Defendant Morrison was well-documented before his Motion was filed. (*See* Doc. No. 75, filed July 6, 2011; Doc. No. 80, filed July 12, 2011; Doc. No. 84, filed July 25, 2011; Doc. No. 89, filed July 26, 2011.) Plaintiff's Motion does not provided an updated address for Mr. Morrison, nor does it provided the court with any other bases upon which to believe that Plaintiff will now, or ever, be able to

properly serve Mr. Morrison. Accordingly, for the reasons outlined in Chief Judge Wiley Y. Daniel's December 21, 2011 Order (Doc. No. 116), as well as this court's November 29, 2011 Recommendation (Doc. No. 115), the court finds that Plaintiff's Motion is properly denied to the extent that it seeks to assert claims against former defendant Morrison.

As to Plaintiff's remaining proposed amendments, in their Response, Defendants argue that Plaintiff's Motion should be denied because Plaintiff's proposed amended claims "are not actual legal claims and/or are only supported by factual or legal conclusions and not supported by any non-conclusory factual averments supporting the elements of the claims." (Resp. at 3.) Thus, Defendants maintains that Plaintiff's proposed amended complaint, in its entirety, is futile and that Plaintiff's Motion should be denied. (*Id.*)

The court acknowledges that it may deny leave to amend where the proposed amendments would be futile because they fail to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). However, ironically, Defendants' argument that Plaintiff's proposed claims are conclusory is, itself, conclusory. Defendants do not engage in any analysis of Plaintiff's proposed amended claims individually in order to demonstrate why each fails to state a claim for relief. Instead, Defendants set forth the general proposition that "Plaintiff's proposed amended complaint . . . fails to provide any new claims supported by allegations of fact, whether original or new, that are not mere factual or legal conclusion" (Resp. at 3) and thereafter ostensibly expect the court to review Plaintiff's proposed Amended Complaint to determine whether that is actually true.

Moreover, although they have addressed perfunctorily Plaintiff's additional claims for relief, Defendants have not addressed Plaintiff's proposed addition of nine new defendants. Nor have Defendants addressed whether it is proper for Plaintiff to add exemplary damages to his request for relief based on his state law claims.

Finally, the court notes that Defendants have not argued that they will be prejudiced by Plaintiff's proposed amendments. Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equip Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006). In light of the fact that Defendants do not argue that they will be unduly prejudiced by Plaintiff's proposed amendments, as well as the shortcomings of Defendants' futility arguments noted above, the court will defer the question of whether Plaintiff's proposed claims sufficiently state a claim for relief until if and when Defendants file a motion to dismiss on those grounds. *Stender v. Cardwell,* 07–cv–02503–WJM–MJW, 2011 WL 1235414, at *3 (D. Colo. Apr.1, 2011).

Therefore, for the foregoing reasons it is

ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 102) is GRANTED in part and DENIED in part as follows:

    1. Plaintiff's Motion is DENIED to the extent that it seeks to assert claims against former defendant Morrison.

    2. Plaintiff's Motion is GRANTED in all other respects.

It is further

ORDERED that the clerk of court shall file Plaintiff's amended Prisoner Complaint (Doc. No. 102-1) and the exhibits thereto (Doc. Nos. 102-2 & 102-3) with instruction that it is accepted as filed with the exception that Plaintiff's claims against Mr. Morrison are <u>not</u> accepted.

Dated this 5th day of January, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge