IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00581–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRARD, individual,
GRETCHEN SETTAMBRINGO, individual & official capacity,
TERRI WOOD, individual
MELINDA MOLLENDOR, individual,
DEP. LITWILER, individual & official capacity,
NANCY SIVAK, individual,
DEP. KRAUSE, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual,
DEP. HAMM, individual,
LT. WICKSTROM, individual & official,
LT. VIENOT, individual & official,
DEP. TERRY, individual,
DEP. C JONES, individual,
COUNTY OF APARAHOE,

DEP. VIGIL, individual,
SGT. NORDI, individual & official,
APARAHOE COUNTY SHERIFF DEPARTMENT, and
DEP. VINCENT, individual,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Motion for Entry of Protective Order" (Doc. No. 133, filed Mar. 26, 2012 [Mot. Prot. Order]) and Plaintiff's "Motion an Order Compelling Discovery and Objection and Response to Defendants [sic] Motion for Entry of Protective Order"[1] (Doc. No. 139, filed Apr. 3, 2012 [Mot. Compel]. Although Defendants have not yet responded to Plaintiff's Motion to Compel, nor have they file a reply in support of their Motion for Protective Order, the court notes that may rule on a motion at anytime after it is filed. D.C.COLO.LCivR 7.1C.

In his Motion to Compel, Plaintiff seeks a court order compelling responses to interrogatories served on Defendants Cummings, Doizaki, and Rankin and requests for production served on all defendants. (Mot. Compel at 1.) Conversely, in their Motion for Protective Order, Defendants seek a protective order relieving Defendants from responding to

---

[1] Although Plaintiff's Motion to Compel violates D.C.COLO.LCivR 7.1C, which provides that "[a] motion shall not be included in a response or reply to the original motion," because Plaintiff is proceeding *pro se,* and because the court otherwise finds that Plaintiff's Motion to Compel is properly denied, the court overlooks this technical defect and proceeds to the merits of both motions.

Plaintiff's interrogatories and requests for production because they are untimely. (Mot. Prot. Order at 1-2.)

At the Preliminary Scheduling Conference held on June 30, 2011, the court set the discovery deadline for December 30, 2011. (*See* Doc. No. 71.) Plaintiff's March 12, 2012 interrogatories and requests for production were served well after that deadline. (*See* Mot. Compel at 1.) Thus, for Plaintiff's discovery requests to be considered timely, it is incumbent upon Plaintiff to demonstrate good cause to modify the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *see also* D.C.COLO.LCivR 16.1 ("The schedule established by a scheduling order[2] shall not be modified except upon a showing of good cause and by leave of court.") The "good cause" standard requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The court finds that Plaintiff has failed to demonstrate good cause to modify the discovery deadline. Plaintiff's only asserted basis for modifying the discovery deadline is that he became very ill and was admitted to the Aurora Medical Center on December 27, 2011, three days prior to the discovery deadline. (Mot. Compel. at 1.) However, as outlined above, discovery commenced on June 30, 2011—nearly six months prior to Plaintiff's illness. (*See* Doc. No. 71.) On August 8, 2011, the court granted Defendants' prior Motion for Protective Order in part by striking Plaintiff's initial discovery composed of approximately 24

---

[2] Although not so titled, the court's Minute Order entered pursuant to the June 30, 2011 Preliminary Scheduling Conference (Doc. No. 71) constitutes the Scheduling Order in this case.

interrogatories per defendant, amending the Scheduling Order to permit Plaintiff to serve fifty total interrogatories on all defendants, and permitting Plaintiff to re-serve his interrogatories consistent with that Order. (Doc. No. 94.) Nevertheless, Plaintiff did not attempt to serve any written discovery between the date that Order was entered, August 8, 2011, and the December 30, 2011 discovery deadline.

Moreover, the Federal Rules of Civil Procedure allow responding parties thirty days to respond to interrogatories and requests for production. *Thomas v. Pacificorp,* 324 F.3d 1176, 1179 (10th Cir. 2003); *see also* Fed. R. Civ. P. 33(b)(2), 33(b). Therefore, to be considered timely, discovery requests must be served at least thirty days prior to the discovery deadline. *Thomas,* 324 F.3d at 1179.

Here, Plaintiff's illness three days before the discovery deadline does not explain why Plaintiff failed to serve his interrogatories and requests for production between June 30, 2011, when discovery commenced, and the discovery deadline. Nor does it explain why Plaintiff failed to serve any written discovery after the court struck his initial interrogatories in its August 9, 2011 Order and permitted him to re-serve his interrogatories. Perhaps most importantly, Plaintiff's late-December illness does not explain why he was unable to serve his interrogatories and requests for production by November 30, 2011, the last date by which he could have timely served discovery requests. Finally, Plaintiff does not explain why he waited an additional three months after the discovery deadline before ultimately serving his interrogatories and requests for production on March 12, 2012. Accordingly, the court finds that Plaintiff has failed to establish

that the discovery deadline could not have been meet despite his diligent efforts. *Pumpco, Inc.*, 204 F.R.D. at 668.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion an Order Compelling Discovery and Objection and Response to Defendants [sic] Motion for Entry of Protective Order" (Doc. No. 139) is DENIED and Defendants' "Motion for Entry of Protective Order" (Doc. No. 133) is GRANTED. Defendants shall not be required to respond to the Plaintiff's interrogatories and requests for production served on March 12, 2011.

Dated this 4th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge