IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00581–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRARD, individual,
GRETCHEN SETTAMBRINGO, individual & official capacity,
TERRI WOOD, individual
MELINDA MOLLENDOR, individual,
DEP. LITWILER, individual & official capacity,
NANCY SIVAK, individual,
DEP. KRAUSE, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual,
DEP. HAMM, individual,
LT. WICKSTROM, individual & official,
LT. VIENOT, individual & official,
DEP. TERRY, individual,
DEP. C JONES, individual,
COUNTY OF APARAHOE,

DEP. VIGIL, individual,
SGT. NORDI, individual & official,
APARAHOE COUNTY SHERIFF DEPARTMENT, and
DEP. VINCENT, individual,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendant County of Arapahoe's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)." (Doc. No. 121, filed Jan. 19, 2012.) After the court granted Plaintiff an extension of time through April 12, 2012 to file a response (*see* Doc. No. 129, filed Mar. 19, 2012), "Plaintiff's Response and Objections to Defendant County of Arapahoes [sic] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" was filed on April 6, 2012 (Doc. No. 145 [Resp.]). Pursuant to D.C.Colo.LCivR 7.1C and Fed. R. Civ. P. 6(d), the County of Arapahoe had until April 23, 2012 to file a reply. No reply was filed before, or at any time after, that date. Accordingly, this matter is ripe for the court's review and recommendation.

Plaintiff's Third Amended Complaint, filed January 5, 2012, asserts twenty-one claims for relief. (Doc. No. 119.) Of those claims, fourteen are asserted against the County of Arapahoe. (*See id.*) Those claims include eight claims pursuant to 42 U.S.C. § 1983 (Claims One, Two, Three, Seven, Eight, Nine, Eleven), one claim pursuant to 42 U.S.C. § 1985 (Claim Thirteen), one claim pursuant to 42 U.S.C. § 1986, and four claims arising under state tort law (Claims Sixteen, Seventeen, Twenty, and Twenty-One). (*See id.*)

In its Motion, the County of Arapahoe lodges several arguments as to why Plaintiff's claims against it should be dismissed. The County of Arapahoe's primary argument asserts that Plaintiff's claims against it are jurisdictionally defective because Plaintiff failed to properly designate the "Board of County Commissioners of the County of Arapahoe" as a defendant pursuant to Colo. Rev. Stat. § 30-11-105. Because the court is persuaded by this jurisdictional argument, the court declines to address the County of Arapahoe's remaining arguments.

## LEGAL STANDARD

### A. *Federal Rule of Civil Procedure 12(b)(1)*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals

for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

Colorado Revised Statute § 30-11-105 provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of ................'." The Tenth Circuit has opined that this statutory provision is jurisdictional because § 30-11-105 provides "'the exclusive method by which jurisdiction over a county can be obtained.'" *Gonzales v. Martinez,* 403 F.3d 1179, 1182 n.7 (10th Cir. 2005) (quoting *Calahan v. Jefferson Cnty.,* 429 P.2d 301, 302 (1967)). Indeed, any "'action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case.'" *Id.* (quoting *Calahan,* 429 P.2d at 302).

Here, contrary to the express requirements of Colo. Rev. Stat. § 30-11-105, Plaintiff has named the "County of Arapahoe" as a defendant, rather than the "Board of County Commissioners of the County of Arapahoe." (*See* Third Am. Compl. at 3, 11.) As outlined above, this attempt to name the County of Arapahoe is jurisdictionally defective, and therefore the County of Arapahoe is properly dismissed on this ground alone. *Gonzales,* 403 F.3d at 1182 n. 7. *See also DeHerrera v. Cnty. of Costilla,* 10-cv-02743-REB-BNB, 2011 WL 1154901, at *3 (D. Colo. Mar. 29, 2011); *Sisneros v. Cnty. of Pueblo,* 09-cv-01646-PAB-MJW, 2010 WL 1782017, at *2 (D. Colo. May 3, 2010); *Dixon v. Adams Cnty.,* 08-cv-00942-LTB-BNB, 2009 WL 440940, at *3 (D. Colo. Feb. 23, 2009).

Under other circumstances, the court might be inclined to overlook this jurisdictional issue, as a simple amendment to Plaintiff's Third Amendment Complaint would easily cure this technical defect. *See Deason v. Lewis,* 706 P.2d 1283, 1287-88 (Colo. App. 1985) (reversing a dismissal with prejudice on grounds for failure to comply with § 30-11-105, and remanding to permit the plaintiff to amend the complaint); *but see Sineros,* 2010 WL 1782017, at *2 (declining to grant leave to amend where the plaintiff, who was represented by counsel, failed to state a claim against the county defendant in his *third* amended complaint).

However, the court notes that Plaintiff has also named a number of defendants in their official capacities. Official-capacity suits are generally treated as a suit against the government entity of which the officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 167 (1995). As such, while it is sufficient to name as a defendant either the municipality itself or a municipal official in his or her official capacity, naming both is redundant. *Stump v. Gates,* 777 F. Supp. 808, 816

5

n.3 (D. Colo. 1991).  Accordingly, it is unnecessary to allow Plaintiff to amend his Third Amended Complaint to properly name the Board of County Commissioners of the County of Arapahoe as any claims against the Board would be redundant of his official-capacity claims. *See also* Fed. R. Civ. P. 12(f) (on its own motion, "[t]he court may strike from a pleading . . . any redundant . . . matter.")

Therefore, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant County of Arapahoe's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" (Doc. No. 121) be GRANTED and that the County of Arapahoe be dismissed from this case without prejudice.

The court further

RECOMMENDS that the District Court certify, pursuant to Title 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation and order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the

magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge