IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00581–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRARD, individual,
GRETCHEN SETTAMBRINGO, individual & official capacity,
TERRI WOOD, individual
MELINDA MOLLENDOR, individual,
DEP. LITWILER, individual & official capacity,
NANCY SIVAK, individual,
DEP. KRAUSE, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual,
DEP. HAMM, individual,
LT. WICKSTROM, individual & official,
LT. VIENOT, individual & official,
DEP. TERRY, individual,
DEP. C JONES, individual,
DEP. VIGIL, individual,

SGT. NORDI, individual & official,
APARAHOE COUNTY SHERIFF DEPARTMENT, and
DEP. VINCENT, individual,

  Defendants.

# ORDER

  This matter is before the court on Plaintiff's "Motion for Court to Resolve Defendants [sic] Conflict-of-Interest Problems." (Doc. No. 154, filed May 15, 2012.) The "Response of All Defendants to Plaintiff's Motion for Court to Resolve Defendant [sic] Conflict of Interest Problems" was filed on June 4, 2012. (Doc. No. 160). For the following reasons, Plaintiff's Motion is DENIED.

  Plaintiff seeks to have the court disqualify Defendants' attorney, John R. Christofferson, from representing Defendants in both their individual and official capacities "due to conflict-of-interest." (Mot. at 1.) The Tenth Circuit has held that "when a potential conflict exists because of the different defenses available to a government official sued in his official and individual capacities, it is *permissible*, but not *required*, for the official to have separate counsel for his two capacities." *Johnson v. Bd. of Cnty. Comm'nrs,* 85 F.3d 489, 494 (10th Cir. 1996) (emphasis added). It is only when an actual material conflict exists, that separate representation is required. *Id.* Thus, in order for the court to disqualify Mr. Christofferson from representing Defendants in their individual and official capacities, Plaintiff must demonstrate an actual conflict of interest.

The court is not convinced that an actual conflict of interest exists in this case. First, the fact that "Defendants, in their individual capacities, have asserted a qualified immunity defense" that cannot be asserted as to the claims against them in their official capacities (Mot. ¶ 1) is simply a well-established principle of law and, by itself, fails to demonstrate an actual conflict-of-interest.

Second, the fact that "Defendants in their individual capacities have asserted defenses that their actions were in accord with policies and practices of the municipality" (Mot. ¶ 2) could create a conflict-of-interest if Defendants conceded that Plaintiff's rights were violated, but nonetheless dispute whether those actions were taken pursuant to a municipal policy or custom (implicating official-capacity liability), or not (implicating individual-capacity liability). Here, however, Defendants maintain that their actions did not violate Plaintiff's constitutional or statutory rights at all. (*See generally* Mot. Summ. J., Doc. No. 136, filed Mar. 29, 2012.) Therefore, this argument also fails to establish an actual conflict-of-interest.

Finally, Plaintiff's argument that "the question of whether the conduct of the defendant deputies was intentional or negligent may divide the deputies and their employer on the issue of indemnification" (Mot. ¶ 3) is speculative and therefore fails to demonstrate an actual conflict of interest. Likewise, Plaintiff's argument that the "individual defendants have raised various other conflicting defenses" (*id.* ¶ 4) is conclusory. Altogether, the court finds that disqualifying Mr.

Christofferson from representing Defendants in both their official and individual capacities would be unwarranted.

Therefore, it is

ORDERED that Plaintiff's "Motion for Court to Resolve Defendants [sic] Conflict-of-Interest Problems" (Doc. No. 154) is DENIED.

Dated this 27th day of November, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge