IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00581-WYD-KMT

WYATT T. HANDY JR.,

    Plaintiff,
v.

SGT. CUMMINGS, individual and official capacity, *et al.,*

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Defendants' Motion to Alter or Amend a Judgment Pursuant to Fed.R.Civ.P. 59(e) filed on April 22, 2013.  A response was filed by pro se Plaintiff on May 31, 2013, and a reply was filed on June 14, 2013.  After counsel was appointed for Plaintiff, counsel filed a response on October 22, 2013, per the Court's request.  Defendants filed a reply on November 5, 2013.  For the reasons discussed below, Defendants' motion is granted in part and denied in part.

By way of background, the "Motion for Summary Judgment of All Defendants Except County of Arapahoe to Plaintiff's Third Amended Complaint" ["summary judgment motion"] was filed on March 29, 2012.  The motion was referred to Magistrate Judge Tafoya, and a Recommendation of United States Magistrate Judge was issued on November 27, 2012.  Magistrate Judge Tafoya recommended therein that summary judgment be granted in favor of all remaining Defendants on all of Plaintiff's claims.

On March 25, 2013, I issued an Order Affirming in Part and Rejecting in Part Recommendation of United States Magistrate Judge ["the March 25, 2013 Order"]. Defendants seek an order altering or amending only a portion of that Order—the ruling denying the summary judgment motion as to Defendants' state law claims. (March 25, 2013 Order at 47-48). In the March 25, 2013 Order, I rejected as moot the recommendation to decline supplemental jurisdiction over the state law claims on the basis that federal claims remained pending. (*Id.*) I also stated in a footnote that "Defendants provided no other argument in their summary judgment motion as to why the state law claims should be dismissed." (*Id.* at 48 n. 16.)

Defendants take issue with the statement in the footnote, arguing that the March 25, 2013 Order should be altered or amended because the Court overlooked arguments they made as to why summary judgment was proper as to the state law claims. I agree that there were arguments as to the state law claims that I did not address, and will grant Defendants' motion to alter or amend to the extent it asks the Court to address those arguments on the merits. *See Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (a motion to alter or amend a judgment is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law").

Turning to the arguments in the summary judgment motion, Defendants first asserted that Claims Fifteen (State Tort Assault and Battery), Seventeen (State Tort Negligence Per Se ) and Eighteen (State Tort Negligent Supervision) should be dismissed because Plaintiff failed to provide notice as to his claims, a jurisdictional prerequisite pursuant to the Colorado Governmental Immunity Act ["CGIA"], Colo. Rev.

Stat. § 24–10–109 (2012). (Summ. J. Mot. at 37.) I note, however, that Plaintiff did file a "Statutory Notice of Intent Pursuant to § 24-10-109". (Summ. J. Mot., Ex. A-38.) The issue is whether the notice was sufficient.

Written notice is a jurisdictional prerequisite to file a lawsuit against a governmental entity. Colo. Rev. Stat. § 24–10–109 (2011). The notice must contain a "concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act; the name and address of any public employee involved; a concise statement of the nature and extent of the injury suffered; and a statement of the amount of monetary damages requested." *Carothers v. Archuleta Cnty. Sheriff*, 159 P.3d 647, 652 (Colo. App. 2006) (citing § 24–10–109(2)).

In the case at hand, Plaintiff gave notice of, among other things, his "intent to sue for . . . various state law claims, . . . battery, negligence, gross negligence, etc." (*Id.* at 1.) The notice also named substantially all of the defendants to whom the lawsuit was "being leveled". (*Id.* at 1-2.)[1] While Defendants argue to the contrary, I find that Plaintiff's reference to battery was sufficient to alert Defendants to the fifteenth claim asserting state tort assault and battery. I further find that Plaintiff's reference to negligence was sufficient to alert Defendants to the seventeenth and eighteenth claims asserting negligence per se and negligent supervision. *Carothers*, 159 P.3d at 652 ("the provisions of § 24-10-109(2) regarding the contents of the notice, are satisfied if the claimant has substantially complied with their requirements. . . .[s]ubstantial

---

[1] While Plaintiff did not name Defendants Vigil and Jones, who were sued in Count Fifteen, he added these Defendants in the Third Amended Complaint after discovery had occurred.

compliance in this context requires the claimant to make a good faith effort to include within the notice, to the extent the claimant is reasonably able to so do, each item of information listed" in the statute); *see also Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 298 (Colo. App. 2009) ("The plaintiff has the relatively lenient burden of demonstrating that it complied with the notice requirements" and must only show substantial compliance with the content requirements.")

I further find that Defendants have not shown that they were "adversely affected" in their ability to defend against the claim[s] by reason of any omission or error in the notice." *Awad v. Breeze*, 129 P.3d 1039, 1042 (Colo. App. 2005). Plaintiff's notice of claim, together with his administrative grievances, were sufficient to allow Defendants to conduct an investigation, make fiscal arrangements, and prepare a legal defense for each state law claim. *See Woodsmall v. Reg'l Transp. Dist.*, 800 P.2d 63, 68 (Colo. 1990). Accordingly, the argument that summary judgment should be granted as to Claims Fifteen, Seventeen, and Eighteen because notice was insufficient is denied. The motion to alter or amend the judgment is thus denied as to this issue.

However, I grant summary judgment motion as to Claim Fifteen asserting injuries due to an alleged assault and battery on another basis. Under the CGIA, a public entity is immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant. Colo. Rev. Stat. § 24-10-106 (2011.) Although sovereign immunity is waived by a public entity in an action for injuries resulting from the operation of any correctional facility or jail, such waiver does not apply to claimants like Plaintiff who were

incarcerated but not yet convicted of the crime for which such claimant was being incarcerated unless the claimant can show injury due to negligence. *Id.*, § 24-10-106(1.5)(b) (2011). Negligence is not an element of assault and battery; instead, that tort is an intentional crime. *See Adams v. Corrections Corp. of Am.*, 137 P.3d 1190, (Colo. App. 2008) (stating the elements of assault and battery). Accordingly, I find that sovereign immunity has not been waived as to this tort, and Claim Fifteen must be dismissed for lack of subject matter jurisdiction.

Finally, Defendants argued in their summary judgment motion that claims Sixteen, Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One must, as a matter of law, be dismissed because Plaintiff failed to demonstrate that a genuine issue of material fact exists for each of these claims. (Mot. at 38-39.) Plaintiff's counsel argues in response that the Court has already found that a genuine issue of material fact exists relating to the confiscation of Plaintiff's legal work and religious materials, and that this finding provides the necessary support for these state law claims.

I first address Claims Sixteen (negligence) and Seventeen (negligence per se). The elements for negligence are a duty, a breach, causation, and an injury. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992). The elements for negligence *per se* are a statute or ordinance that defines the standard of care, the plaintiff is a member of the class intended to be protected by the statute or ordinance, and the injuries suffered were the type the statute or ordinance was enacted to prevent. *Lui v. Barnhart*, 987 P.2d 942, 946 (Colo. App. 1999). "The underlying principle of the common law doctrine of negligence per se is that legislative enactments such as statutes and ordinances can

prescribe the standard of conduct of a reasonable person such that a violation of the legislative enactment constitutes negligence. *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 573 (Colo. 2008).

In the case at hand, Plaintiff's counsel points out that inmates retain the fundamental protections of the First Amendment. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Further, counsel points out that detention facility policy reinforces these basic rights of access to legal materials and religious freedom. (*See, e.g.*, Pl.'s Resp. to Def.'s Mot. to Alter or Amend J. Pursuant to Fed. R. Civ. P. 59(e), ECF No. 226, Ex. 1, ACSO-001624, Arapahoe County Sheriff's Office Detention Policy & Procedure Manual, DET 607(F)(2)(f); *see also* Ex. 2, ACSO-001523, Detention Services Inmate Informational Handbook, p.9.) Accordingly, I find that there may be a genuine issue of material fact as to whether Defendants breached a duty regarding Plaintiff's First Amendment rights as reinforced by the detention facility policy by confiscating his legal work and materials. This may be sufficient for the negligent and negligent supervision claims to survive summary judgment. However, I find that these issues have not been adequately developed, and that this should be resolved at trial or through another motion, rather than through Defendants' motion to alter or amend which relies on the summary judgment motion. Accordingly, the request in the motion to alter or amend to grant summary judgment as to Plaintiff's claims of negligence and negligence *per se* is denied.

As to Claims Eighteen (state tort negligent supervision) and Nineteen (state tort respondeat superior), summary judgment was sought as to Defendants Robinson,

Sauter and the Lieutenant and Sergeant Defendants on the basis that Plaintiff failed to prove any wrongful actions by the deputy defendants. *See Arnold By & Through Valle v. Colorado State Hosp., Dept. of Institutions*, 910 P.2d 104, 107 (Colo. App. 1995) (to have a valid negligent supervision or *respondeat superior* claim, Plaintiff must allege and prove wrongful actions by the person supervised). Here, however, I denied summary judgment as to certain deputies; namely, Doizaki, Emerson and Kleinheksel, in relation to the confiscation of Plaintiff's work and religious materials. I also noted that Doizaki was alleged to be Emerson's and Kleinheksel's supervisor. (March 25, 2013 Order at 25.) Thus, the only argument made by Defendants in support of summary judgment as to this claim is without merit.

However, I note that to prove negligent supervision under Colorado law, "a plaintiff must prove (1) the defendant owed the plaintiff a legal duty to supervise others; (2) the defendant breached that duty; and (3) the breach of the duty caused the harm that resulted in damages to the plaintiff." *Settle v. Basinger*, 11CV1342, 2013 WL 781110, *3 (Colo. App. Feb. 28, 2013). Whether Plaintiff created genuine issues of material fact as to these elements was not argued in the summary judgment motion. Arguably, given my ruling on the summary judgment motion, the only Defendant who could have owed a legal duty to supervise others was Sergeant Doizaki. However, since this argument has not been properly developed, I decline to consider it. This is an issue that must be dealt with at trial or through another motion. Accordingly, I deny the motion to alter or amend as to Claims Nineteen and Twenty.

Defendants also argue that they are entitled to summary judgment on Plaintiff's state tort law failure to train and supervise asserted in Claim Twenty. They assert that this claim is more properly brought as a 42 U.S.C. § 1983 claim based on failure to train. While that may be true, this claim is specifically alleged as a state tort law, not a federal claim. As a state law claim, it appears to be duplicative of Claims Nineteen and Twenty. Indeed, Colorado appears to characterize a negligent training and supervision claim as the same claim. *See, e.g.*, *Kahland v. Villarreal*, 155 P.3d 491, 493 (Colo. App. 2006). Thus, I will grant the alter to amend the judgment as to this claim, and dismiss it as duplicative.

Finally, I agree with Defendants that they should be granted summary judgment as to Claim Twenty-One, a state tort conspiracy claim. As with the federal conspracy claim alleged by Plaintiff for which I granted summary judgment, I find that Plaintiff failed to allege and prove any specific facts in paragraphs 1-74 of the Complaint demonstrating the existence of a conspiracy by all Defendants. *See Double Oak Const. L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003) (plaintiff required to prove an object to be accomplished; an agreement by two or more persons to accomplish that object; one or more unlawful acts which were performed to accomplish a goal; and damages as a proximate result). Plaintiff's conclusory allegation in paragraph 153 of the Complaint that all defendants conspired is without factual support. Accordingly, the motion to alter or amend is granted as to this claim.

In conclusion, it is

ORDERED that Defendants' Motion to Alter or Amend a Judgment Pursuant to Fed.R.Civ.P. 59(e) filed on April 22, 2013 (ECF No. 212) is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.  The Order of March 25, 2013 (ECF No. 204) is amended to reflect that the "Motion for Summary Judgment of All Defendants Except County of Arapahoe to Plaintiff's Third Amended Complaint" is also now **GRANTED** as to  Claim Fifteen (state tort assault and battery), Claim Twenty (state tort failure to train and supervise), and Claim Twenty-One (state tort conspiracy).

Dated:  January 14, 2014

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Senior United States District Judge