IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 11-cv-00581-WYD-KMT**

WYATT T. HANDY, JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual and official capacity; *et al.,*

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter is before the Court upon the parties' Stipulated Motion for Entry of Protective Order (Doc. #235) designed and intended to preserve the confidentiality and privacy of documents and other information to be exchanged between the parties pursuant to their respective discovery obligations in the above-captioned action, and the Court being fully advised in the premises and for good cause appearing, the parties' Stipulated Motion for Entry of Protective Order is **GRANTED** and **IT IS ORDERED** as follows:

    1.    It is contemplated that Plaintiff and Defendant will seek and exchange Confidential Information (as defined below in Paragraph 2) from and between each other in this action as part of their respective discovery efforts.

2. "Confidential Information" means any document, file, record, oral testimony, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that contains information that is confidential and implicates common law and/or statutory or constitutional privilege or privacy interests, and has been designated by one of the parties in this action in the manner provided in Paragraph 3 below as containing Confidential Information, including, but not limited to, the following:

    a)    Law enforcement employment/personnel files.

    b)    Internal affairs files.

3. Where Confidential Information is produced, exchanged, provided, or otherwise disclosed in response to any discovery request or obligation, it shall be designated as Confidential Information in the following manner:

    a)    By imprinting or stamping "Confidential – Counsel Only" or "Confidential" on the first page or cover of any document, record, or thing produced;

    b)    By imprinting or stamping "Confidential – Counsel Only" or "Confidential" next to or above any response to a discovery request.

4. Any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under FED. R. CIV. P. 26(c)(1).

5. All Confidential Information provided by any of the parties in response to a

discovery request shall be subject to the following restrictions:

    a)    It shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever; personal, business or otherwise.

    b)    It shall not be communicated, transmitted or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone except individuals authorized to access or review Confidential Information, for the purpose of litigating this case.

    6.    Individuals authorized to access or review Confidential Information marked "Confidential – Counsel Only" pursuant to this Stipulated Protective Order are:

    a)    The undersigned counsel and respective law firms;

    b)    Support staff utilized by counsel, expert consultants and expert witnesses retained by the parties or their counsel;

    c)    The Court and Court staff;

    d)    Any other persons (or class of persons) the parties may jointly designate in writing.

Such individuals shall hold all Confidential Information in confidence and shall not disclose it either verbally, in writing, electronically, or otherwise to any person, entity, or agency not authorized to have access to the same; except as provided in this Order or as otherwise authorized by the Court. Expert consultants and/or expert witnesses, and such other third-parties as the parties may allow to have access to Confidential Information under the terms of this order, shall be advised of the terms of this Stipulated Protective Order.

7. Individuals authorized to access or review Confidential Information marked "Confidential" pursuant to this Stipulated Protective Order are:

a) The above-captioned parties, their undersigned counsel and respective law firms;

b) Support staff utilized by counsel, expert consultants and expert witnesses retained by the parties or their counsel;

c) The Court and Court staff;

d) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

e) Any other persons (or class of persons) the parties may jointly designate in writing.

Such individuals shall hold all Confidential Information in confidence and shall not disclose it either verbally, in writing, electronically, or otherwise to any person, entity, or agency not authorized to have access to the same; except as provided in this Order or as otherwise authorized by the Court. Expert consultants and/or expert witnesses, and such other third-parties as the parties may allow to have access to Confidential Information under the terms of this order, shall be advised of the terms of this Stipulated Protective Order.

8. Legal counsel for the parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Stipulated Protective Order and ensure that persons to whom they provide Confidential Information are fully informed in writing regarding the contents and limitations set forth in this order. Persons

provided Confidential Information shall acknowledge in writing that they have been provided a copy of this protective order and have read and understand its terms. All acknowledgments shall be retained by counsel and be subject to *in camera* review by the Court upon a showing of good cause. Notwithstanding the foregoing, the parties, their legal counsel, law firms and support staff, and court personnel and stenographic reporters, need not be informed in writing regarding the contents and limitations set forth in this order.

9. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. If the parties cannot resolve the objection within ten (10) business days from the date the notice is received, it shall be the obligation of the party designating the information as confidential to contact Magistrate Tafoya for a teleconference regarding the dispute or to file an appropriate motion consistent with D.C.COLO.LCivR 7.2 within thirty (30) days of the aforementioned notice requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such contact is made or a motion is timely filed, the disputed information shall be treated as confidential

until the Court rules on the motion. If the designating party fails to make such contact or to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Stipulated Protective Order. The party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. No copies of Confidential Information shall be made except by or on behalf of legal counsel for attorney work product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.LCivR 7.2. Copies shall only be made and used for purposes of this litigation and no other.

12. The terms of this Protective Order shall survive the termination of this action and remain in force in perpetuity. Upon conclusion of the litigation, including the time necessary to take and/or exhaust any appeals, all persons in possession of Confidential Information under the terms of the order shall timely return the information to the party or source from which it was obtained or, upon consent of such party or source, certify by affidavit or other mutually acceptable writing to the information's complete destruction by shredding or other mutually acceptable method of permanent destruction. Notwithstanding the foregoing, legal counsel may retain a single set of all Confidential Information for a period not longer than three (3) years from the final conclusion of the litigation, after which all retained Confidential Information shall be timely returned or destroyed as provided for in this paragraph.

13. The parties' stipulation to the entry of this order is not intended and shall not be construed as a waiver or adoption of any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under the terms of the order, nor shall it be construed as or used to assert a waiver by any party that a particular document, record or other piece of information is properly discoverable.

14. Nothing in this order shall relieve any party or legal counsel from their obligations under FED.R.CIV.P. 26(b)(5), or from filing a motion as it may deem appropriate or necessary from time to time seeking additional or different protection from the Court under FED.R.CIV.P. 26(c) with regard to confidential or other information.

15. This Stipulated Protective Order may be modified by the Court at any time for good cause following notice to all parties and an opportunity for them to be heard.

Entered on this 11th day of March, 2014.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED TO**:

*s/ Case Collard*                         *s/ John R. Christofferson*
Case Collard                              John R. Christofferson
Dorsey & Whitney LLP                      Deputy County Attorney
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549

Tele: 303-629-3400  
E-mail: Collard.case@dorsey.com

*s/ Erin L. Powers*  
Erin L. Powers  
Assistant County Attorney  
Arapahoe County Attorney's Office  
5334 S. Prince Street  
Littleton, CO 80120-1136  
Tele: 303-795-4639  
E-mail:  
jchristofferson@arapahoegov.com  
epowers@arapahoegov.com