IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11−cv−00581−WYD−KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

SGT. CUMMINGS, individual & official capacity,
DEP. WENDELBURG, individually,
DEP. THAO, individually,
DEP. LIGON, individually,
DEP. ELLEDGE, individually,
DEP. GIRARD, individual,
DEP. LITWILER, individual & official capacity,
NANCY SIVAK, individual,
DEP. KRAUSE, individual,
DEP GALLEGOS, individual,
DEP. HUNT, individual,
SGT. CLARK, individual & official capacity,
SGT. DOIZAKI, individual & official capacity,
DEP. EMERSON, individual,
DEP KLEINHEKSEL, individual,
SHERIFF GRAYSON ROBINSON, individual & official capacity,
CAPT. SAUTER, individual & official capacity,
LT. WHITIKER, individual & official capacity,
SGT. RANKIN, individual & official capacity,
DEP. FREEMAN, individual,
DEP. LONGFELLOW, individual,
DEP. HAMM, individual,
LT. WICKSTROM, individual & official,
LT. VIENOT, individual & official,
DEP. TERRY, individual,
DEP. C JONES, individual,
DEP. VIGIL, individual,
SGT. NORDI, individual & official,

1

APARAHOE COUNTY SHERIFF DEPARTMENT, and
DEP. VINCENT, individual,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion for Leave to Amend the Final Pretrial Order." (Doc. No. 240, filed May 7, 2014.) Plaintiff's Response was filed on May 16, 2014 (Doc. No. 250) and Defendants' Reply was filed on May 22, 2014 (Doc. No. 258). For the following reasons, Defendants' Motion is GRANTED.

Defendants seek to amend the Final Pretrial Order (Doc. No. 231, filed Dec. 16, 2013) to assert two affirmative defenses that they previously inadvertently omitted: (1) that the Prison Litigation Reform Act (PLRA) bars Plaintiff from recovering damages for mental or emotional distress, absent an initial showing of physical injury, *see* 42 U.S.C. § 1997e(e), (hereinafter the "PLRA Defense"); and (2) that Defendants are immune from liability for a claim of negligent supervision, pursuant to the Colorado Governmental Immunity Act (CGIA), Colo. Rev. Stat. § 24-10-101 *et seq.*, (hereinafter the "CGIA Defense").

A Final Pretrial Order is intended to ensure "the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.,* 812 F.2d 584, 588 (10th Cir. 1987). Thus, a Final Pretrial Order may be amended "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party seeking to amend the Final Pretrial Order bears the burden of showing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.,* 203 F.3d 12012, 1222 (10th Cir. 2000). The decision to allow an amendment to the

Final Pretrial Order rests within the sound discretion of the trial court. *Roberts v. Roadway Express,* 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the court is guided by the following factors:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

*Koch,* 203 F.3d at 1222, 1222 n.10 (listing factors the court of appeals should consider to determine whether the trial court has abused its discretion and noting that the trial court need not consider each factor). "Because the issues and defenses of the lawsuit are defined by the terms of the order, 'total inflexibility is undesirable.'" *Davey v. Lockheed Martin Corp.,* 301 F.3d 1204, 1209 (10th Cir. 2002) (quoting *Hull v. Chevron U.S.A., Inc.,* 812 F.2d 584, 588 (10th Cir. 1987)).

Under the circumstances presented, the court finds that amending the Final Pretrial Order to add the PLRA Defense is necessary to prevent manifest injustice. Notably, Plaintiff did not include a request for compensatory damages in his Amended Complaint (Doc. No. 119), which was the operative pleading in this case from January 5, 2012 until December 16, 2013. Instead, Plaintiff request for compensatory damages appeared for the very first time in the Final Pretrial Order. Furthermore, Defendants did not receive Plaintiff's portions of the proposed Final Pretrial Order until the afternoon of Friday, December 6, 2013—one business day before it was due on December 9, 2013. As such, Defendants had less than one business days' notice that Plaintiff would be seeking compensatory damages. Under these circumstances, the court finds it would be

manifestly unjust to foreclose Defendants from asserting an otherwise cogent defense to this newly-added request for damages.

The court's review of the *Koch* factors also supports granting leave to amend the Final Pretrial Order. First, the court finds there is little, if any, prejudice to Plaintiff. More specifically, because the PLRA Defense presents a straightforward legal issue— namely, Plaintiff cannot recover compensatory damages for mental or emotional injury without first establishing that he suffered a physical injury, *see* § 1997e(e) —Defendants' proposed amendment does not raise any new factual issues, nor does it threaten to disrupt the order and efficiency of trial. Second, Defendants moved to amend the Final Pretrial Order over a month prior to trial, which provided Plaintiff with ample time to address the discrete legal issue raised by the PLRA Defense. *Davey,* 301 F.3d at 1211 ("If, however, the motion to amend is made prior to trial, it is more easily found that the opposing party could cure any prejudice."). Finally, the court rejects any notion that the PLRA Defense was submitted in bad faith. Therefore, the Final Pretrial Order will be amended to add the PLRA Defense.

The court also finds it appropriate to add the CGIA Defense to the Final Pretrial Order. The question of whether a defendant is immune from liability under the CGIA implicates the court's subject matter jurisdiction. *See Trinity Broad. of Denver, Inc. v. City of Westminster,* 848 P.2d 916, 924 (Colo. 1993); *Kahland v. Villarreal,* 155 P.3d 491, 493 (Colo. App. 2006). Subject matter jurisdiction is the court's authority to hear a case or claim; thus, it cannot be waived and may be raised at any stage of the

proceedings. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995); *see also* Fed. R. Civ. P. 12(h)(3).  Under these circumstances, the court cannot find any harm from adding a defense to the Final Pretrial Order that could nevertheless be raised at any time.  Therefore, for the foregoing reasons, it is

ORDERED that "Defendants' Motion for Leave to Amend the Final Pretrial Order" (Doc. No. 240) is GRANTED.  The Final Pretrial Order (Doc. No. 231) is AMENDED to include two additional affirmative defenses:  (1) a limitation on Plaintiff's recovery of damages for mental or emotional distress injuries under the Prison Litigation Reform Act ("PLRA"), absent an initial showing of physical injury; and (2) immunity under the Colorado Governmental Immunity Act ("CGIA") for state tort liability based on a claim for negligent supervision.

Dated this 28th day of May, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge